IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01375-BNB

PAUL BENSON,

    Plaintiff,

v.

TOM CLEMENTS, Executive Director of CDOC, In His Individual Capacity,

    Defendant.

_____

ORDER DIRECTING PLAINTIFF TO FILE
AMENDED PRISONER COMPLAINT

_____

Plaintiff, Paul Benson, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Crowley Correctional Facility in Olney Springs, Colorado. On May 24, 2011, Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint. Plaintiff asserts jurisdiction in this case pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. In the Complaint, Plaintiff asserts his Eighth Amendment rights were violated when a nurse injured his ear and refused proper medical treatment. Plaintiff seeks money damages.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint.

Plaintiff must name the proper parties who are responsible for violating his constitutional rights and assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. See Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show that each defendant caused the deprivation of a federal right. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. See Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. See Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986); McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983).

To state a claim in federal court, a complaint must explain what each defendant did to harm a plaintiff, when the defendant did it, how the defendant's action harmed the plaintiff, and what specific legal right the plaintiff believes the defendant violated. Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Plaintiff file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the Complaint and the action will be dismissed without further notice.

DATED July 12, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01375-BNB

Paul Benson
Prisoner No. 151528
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on July 12, 2011.

                                  GREGORY C. LANGHAM, CLERK

                                  By: _____
                                                     Deputy Clerk